**Gokhan AYAZ, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General of the United States, Edward McElroy, New York District Director, Bureau of Citizenship & Immigration Services, Bureau of Citizenship & Immigration Services, Respondents.**

**No. 03–40932–AG.**

United States Court of Appeals, Second Circuit.

Oct. 27, 2005.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Mario DeMarco, Port Chester, New York, for Appellant.

Sara Bugbee Winn, Assistant United States Attorney (John Brownlee, United States Attorney for the Western District of Virginia), Roanoke, Virginia, for Appellees.

Present: LEVAL, STRAUB, and HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Gokhan Ayaz, a native and citizen of Turkey, petitions this Court for review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and ordering him removed to Turkey. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the factual findings of the IJ and the BIA under the substantial evidence standard, and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (citation omitted). Under this standard, the Court will reverse "only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). This Court reviews *de novo* the BIA's application of law to the facts. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 149 (2d Cir. 2003). We review the decision of the BIA and, because the BIA assumed the petitioner's credibility, we also assume that petitioner's testimony was credible. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005).

In order to be eligible for asylum, an applicant must show that he or she has suffered past persecution or has a well-founded fear of future persecution based on race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42). To be eligible for withholding of removal, a mandatory form of relief, an applicant must show that it is more likely than not that his or her life or freedom would be threatened based on one of the five categories for obtaining asylum. *See* 8 U.S.C. § 1231(b)(3); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). To obtain CAT relief, the applicant must show that he or she would more likely than not be tortured in the country of removal. *See Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir.2004).

The BIA correctly concluded that petitioner did not establish entitlement to asylum. Assuming, as the BIA did, that Ayaz's testimony was credible, Ayaz did not establish entitlement to political asy-

**14**

lum. He testified that his safety had been threatened because of an intra-family land dispute and because of his private attempts to collect a debt on behalf of a family member. Although he stated that he believed the police did not help him with the land dispute because they shared the same political views as his family's adversaries, he testified that he had not participated in any political activities or belonged to any political parties and had not encountered any problems due to his family's political affiliations. Thus, petitioner did not satisfy his burden of showing that the police imputed his family's political views to him or that they failed to help him because of his political beliefs. *See Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005); *Diallo,* 232 F.3d at 287. In addition, because Ayaz failed to establish entitlement to asylum, his application for withholding of removal was properly denied. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 127 (2d Cir.2004).

Because Ayaz has not challenged in his brief before this Court the BIA's denial of his application for CAT relief, he has waived any challenge to that portion of the BIA's order. *See, e.g., Davis v. New York,* 316 F.3d 93, 102 n. 5 (2d Cir.2002).

For the foregoing reasons, the petition for review is DENIED.